No. 99-669

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 191N

IN RE THE MARRIAGE OF

GERALD J. BUGNI,

Petitioner and Appellant,

and

NANCY BUGNI,

Respondent and Respondent.

APPEAL FROM: District Court of the Second Judicial District,

In and for the County of Silver Bow,

Honorable James Purcell, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Brian T. Atcheson, Atcheson Law Office, Butte, Montana

For Respondent:

Susan Gobbs, Montana Legal Services, Helena, Montana

Submitted on Briefs: March 15, 2001
Decided: September 19, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Gerald Bugni (Gerald) appeals from the findings of fact, conclusions of law and decree of dissolution entered by the Second Judicial District Court, Silver Bow County, awarding Respondent Nancy Bugni (Nancy) $200 a month maintenance until her 62nd birthday and $14,000 of the marital estate. We affirm.

¶3 Gerald raises the following issues on appeal:

¶4 1. Did the District Court err in granting maintenance to Nancy until she reaches the age of 62?

¶5 2. Did the District Court err in its award of $14,000 of the marital estate to Nancy?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6 Gerald and Nancy Bugni were married on September 26, 1980, in Butte, Montana. The couple had no children. Throughout their marriage, Gerald and Nancy experienced financial difficulties. Both Gerald and Nancy are currently on disability. Gerald filed a Petition for Dissolution in 1995.

¶7 The District Court found that the marital assets included Gerald's retirement accounts from Arco and the State of Montana and a Butte memorabilia collection. The court held that Nancy was entitled to one-half of Gerald's Arco retirement benefits for the six years he was employed there during the marriage, which amounted to one-half of 24 percent, or $5,700.00. In addition, the court awarded Nancy half of Gerald's retirement benefits from

the State of Montana. A court-ordered appraisal of the Butte memorabilia collection valued the collection at between $65,000 and $75,000 if sold in its entirety or between $120,000 and $140,000 if the items were sold separately.

¶8 The court ordered that Gerald pay Nancy a sum of $14,000 and commence maintenance payments of $200 a month on October 15, 1999, to continue for forty-eight months, until Nancy's 62nd birthday. The court noted that the maintenance award was in lieu of a share of the value of the memorabilia collection "as it would be difficult to equitably divide said collection and because of the ages of the parties and their present health, maintenance better equates the marital assets."

¶9 Gerald's portion of the marital estate includes the balance of the Arco retirement account, approximately $41,000, his portion of the state retirement account, approximately $5321, and the balance of the memorabilia collection, which is valued between $41,400 and $116,400.

## DISCUSSION

¶10 This Court reviews a district court's findings of fact to determine if they are clearly erroneous. *In re the Marriage of Davis*, 1999 MT 218, ¶ 20, 295 Mont. 546, ¶ 20, 986 P.2d 408, ¶ 20. If the findings are not clearly erroneous, we will affirm the distribution of property unless the district court abused its discretion. *In re the Marriage of Engen*, 1998 MT 153, ¶ 26, 289 Mont. 299, ¶ 26, 961 P.2d 738, ¶ 26. The test for abuse of discretion in a dissolution proceeding is whether the district court acted arbitrarily without employment of conscientious judgment or whether the district court exceeded the bounds of reason resulting in substantial injustice. *Davis*, ¶ 20.

¶11 Gerald asserts in his brief that "[i]t is apparent from the record that the District Court abused its discretion when it made its determination as to a division of the marital property," and that "the division of the marital estate was not done equitably." Unfortunately, he does not provide any evidence or analysis to support this assertion.

¶12 Gerald also argues "that maintenance is not appropriate under M.C.A. § 40-4-203." He includes the entire text of the statute and then asserts that the District Court's award of maintenance contradicts the testimony and evidence submitted, but he does not point to any specific testimony or evidence and he does not provide any analysis.

¶13 Rule 23(a)(4), M.R.App.P., requires that appellant's argument "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on."

¶14 There is no attempt in Gerald's brief to specify how the District Court abused its discretion in the division of the marital estate or the award of maintenance. It is not this Court's obligation to develop arguments in support of a party's assertion. *State v. Blackcrow*, 1999 MT 44, ¶ 33, 293 Mont. 374, ¶ 33, 975 P.2d 1253, ¶ 33.

¶15 Due to Gerald's failure to provide any specific argument or analysis as to how the District Court abused its discretion, we affirm the decision of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER